**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PEDRO MORFIN-ARIAS, on behalf of himself and other similarly situated employees<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP KNOWLES, DBA CERAMIC & STONE DESIGN,<br><br>Defendant. | Case No. 16-cv-06114-BLF<br><br>**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION OF FLSA PUTATIVE CLASS**<br><br>[Re: ECF 40] |

Plaintiff Pedro Morfin-Arias filed this action against his former employer Defendant Phillip Knowles, dba Ceramic & Stone Design ("CSD"), alleging various labor law violations. Specifically, Morfin-Arias brings a claim for violation of overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, on behalf of himself and other similarly situated employees. First. Am. Compl. ("FAC") 2, ECF 50; *id.* ¶¶ 13–22. Morfin-Arias further asserts claims for: violation of California Labor Code § 510 (failure to pay overtime wages); violation of California Labor Code §§ 226.7 and 512 (failure to provide meal and rest breaks); violation of California Business and Professions Code § 17200; injunctive relief; and violation of California Private Attorney General Act ("PAGA"). *Id.* ¶¶ 23–54. At this juncture, Morfin-Arias seeks conditional certification of a collective action under the FLSA for failure to pay overtime compensation. Mot., ECF 40. Having considered the briefing and oral argument of the parties, as well as the governing law, the Court GRANTS Morfin-Arias' motion to conditionally certify an FLSA collective action.

## I. BACKGROUND

CSD is in the "business of slab cutting/fabrication and installation of ceramic and natural stone tiles in almost exclusively residential applications." Knowles Decl. ¶ 3, ECF 43-1. Knowles is the sole owner of CSD. *Id.* ¶ 3. According to Knowles, CSD has employed two sets of non-administrative hourly employees. *Id.* ¶ 9. One set of employees includes workers who perform stone slab fabrication and installation. *Id.* ¶ 10. The other set of employees includes tile installers. *Id.* ¶ 13.

Morfin-Arias worked at CSD as a low tier slab installer. *Id.* ¶ 11. During his employment at CSD, Morfin-Arias "primarily assisted with light fabrication, installation, and driving the installation crew to and from job sites." *Id.* Morfin-Arias began working at CSD in 2004 and his last day of work was around July 2016. Morfin-Arias Decl. ¶ 4, ECF 42. Morfin-Arias was paid by cash for his work between 2004 and 2006. *Id.* ¶ 7. Around 2006, he began receiving his wage by a combination of cash and check. *Id.* ¶ 8.

Around 2014, CSD moved to its present location at 740 Parker Street, Santa Clara, California. *Id.* ¶ 9. During that transition period, Morfin-Arias states that Phillip Knowles and Mark Mitchell (one of CSD's administrative staff) told the stone and tile workers that each employee would be given a paycheck for hours worked up to forty hours per week and cash for all time above forty hours. *Id.* According to Morfin-Arias, he did not received overtime compensation for the time that he worked more than 40 hours per week. *Id.* ¶ 10. Morfin-Arias further states that he spoke with other laborers and learned that they also purportedly did not receive overtime compensation. *Id.*

On October 23, 2016, Morfin-Arias filed his original complaint asserting that CSD failed to comply with various labor laws. ECF 1. On November 17, 2017, Morfin-Arias submitted his motion to conditionally certify an FLSA collective action for failure to pay overtime compensation. Mot. The Court held a hearing on Morfin-Arias' motion to conditionally certify an FLSA collective action on December 21, 2017. ECF 49. During the hearing, in light of CSD's motion for judgment on the pleadings and to dismiss for lack of subject matter jurisdiction (ECF 45) that was pending before the Court, the parties stipulated to permit Morfin-Arias to file

an amended complaint to address the subject matter jurisdiction issue.[1] The Court granted leave to do so. ECF 49. CSD withdrew its motion for judgment on the pleadings and to dismiss, and the Court allowed CSD to refile the motion after Morfin-Arias submitted an amended complaint. *Id.* Thereafter, Morfin-Arias filed his FAC and added "enterprise theory" allegations to address the subject matter jurisdiction issue raised by CSD. *See* FAC ¶¶ 10–11. On January 22, 2018, the parties filed a stipulation extending CSD's time to respond to the FAC to February 12, 2018.

On February 12, 2018, CSD filed an answer to the FAC instead of refiling its motion to dismiss for lack of subject matter jurisdiction. As such, the Court vacated the hearing scheduled on March 22, 2018 which was reserved for CSD's motion to dismiss. ECF 53. The Court also ordered Morfin-Arias to file a revised version of the proposed notice of conditional certification of collective action and consent form that would address several issues identified during the December 21, 2017 hearing. *Id.* Morfin-Arias filed the revised notice of conditional certification of collective action and consent form on March 5, 2018. ECF 56.

The Court now turns to Morfin-Arias' motion to conditionally certify an FLSA collective action.

## II. LEGAL STANDARD

### A. Conditional Certification of Collective Action

The Fair Labor Standards Act ("FLSA") provides that actions against employers for violation of overtime and minimum wage requirements may be brought "in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

A suit brought on behalf of other employees is known as a "collective action," a type of suit that is "fundamentally different" from class actions. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (citation omitted). Unlike class actions certified under Rule 23, potential members of an FLSA collective action must "opt-in" to the suit by filing a written consent with the Court in order to benefit from and be bound by a judgment. 29 U.S.C. §216(b);

---

[1] CSD argued that the original complaint failed to allege facts showing that Morfin-Arias or other employees had engaged in interstate commerce and thus the FLSA did not apply. ECF 45.

3

*Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Employees who do not opt-in may bring a subsequent private action. *Leuthold*, 224 F.R.D. at 466 (citing *EEOC v. Pan Am. World Airways, Inc.*, 897 F.2d 1499, 1508 n.11 (9th Cir. 1990)). Once an FLSA "action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989) (discussing collective action in context of Age Discrimination in Employment Act).

The determination of whether a collective action is appropriate is within the Court's discretion. *See Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 535 (N.D. Cal. 2007). The named plaintiff bears the burden to show that he or she and the proposed class members are "similarly situated." *See id.* (citing 29 U.S.C. § 216(b)). The FLSA does not define "similarly situated." District courts in this Circuit generally apply a two-step inquiry in an FLSA action. *See, e.g.*, *Leuthold,* 224 F.R.D. at 466–67; *Adams*, 242 F.R.D. at 536. The two-step approach distinguishes between conditional certification of the action and final certification. Under the first step, the court makes an initial "notice-stage" determination of whether potential opt-in plaintiffs are similarly situated to the representative plaintiff, determining whether a collective action should be certified for the sole purpose of sending notice of the action to potential class members. *Leuthold*, 224 F.R.D. at 466-67; *Adams*, 242 F.R.D. at 536. The sole consequence of conditional certification is the "sending of court-approved written notice," to the purported members of the class. *Genesis*, 133 S. Ct. at 1530. Those individuals become parties to a collective action only by filing written consent with the court.

For conditional certification at this notice-stage, courts require little more than substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan" and a showing that plaintiffs are "generally comparable to those they seek to represent." *Villa v. United Site Servs. of Cal.*, No. 12-00318-LHK, 2012 WL 5503550, at *13 (N.D. Cal. Nov. 13, 2012) (citation omitted); *Stanfield v. First NLC Fin. Serv., LLC*, No. 06-3892-SBA, 2006 WL 3190527, at *2 (N.D. Cal. Nov. 1, 2006); *see also Morton v. Valley Farm Transp., Inc.*, No. 06-2933-SI, 2007 WL 1113999, at *2 (N.D. Cal.

4

Apr. 13, 2007) (describing burden as "not heavy" and requiring plaintiffs to merely show a "reasonable basis for their claim of class-wide" conduct (internal quotation marks and citation omitted)). Thus, a named plaintiff must show that he or she is similarly situated to the absent members of the collective action and present "some identifiable factual or legal nexus [that] binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Russell v. Wells Fargo & Co.*, No. 07-3993-CW, 2008 WL 4104212, at *3 (N.D. Cal. Sept. 3, 2008); *Sanchez v. Sephora USA, Inc.*, No. 11-3396-SBA, 2012 WL 2945753, at *2 (N.D. Cal. July 18, 2012) ("Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members." (citations and quotation marks omitted)).[2]

The standard for conditional certification is a lenient one that typically results in certification. *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 627-28 (E.D. Cal. 2009) (citing *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002)). As a practical matter, "[a]t this stage of the analysis, courts usually rely only on the pleadings and any affidavits that have been submitted." *Leuthold*, 224 F.R.D. at 468. The plaintiff need not conclusively establish that collective resolution is proper, because a defendant will be free to revisit this issue at the close of discovery. *Kress*, 263 F.R.D. at 630. However, "[u]nsupported allegations of FLSA violations are not sufficient to meet the plaintiffs' burden." *Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 272 (N.D. Cal. 2015) (citation omitted).

Courts have emphasized that a lenient standard is used at the notice-stage step because a court does not have much evidence at that point in the proceedings—just the pleadings and any declarations submitted. In contrast, at the second step, a stricter standard is applied because there is much more information available, "which makes a factual determination possible." *Vasquez v.*

---

[2] The "similarly situated" requirement is "considerably less stringent than the requirement of Fed. R. Civ. Proc. 23(b)(3) that common questions predominate." *Church v. Consol. Freightways, Inc.*, 137 F.R.D. 294, 305 (N.D. Cal. 1991) (citation omitted); *Villa*, 2012 WL 5503550 at * 14 ("[A] collective action does not require a showing that common claims predominate.").

5

*Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1123 (E.D. Cal. 2009); *see also Labrie v. UPS Supply Chain Sols., Inc.*, No. 08-3182-PJH, 2009 WL 723599, at *4 (N.D. Cal. Mar. 18, 2009) (noting that the first step "is characterized by a fairly lenient standard, necessitated by the fact that not all discovery will have been completed at the time of the motion," while, at the second step, "the court engages in a more stringent inquiry into the propriety and scope of the collective action" because "discovery is complete and the case is ready to be tried").

In considering whether the lenient notice-stage standard has been met in a given case, courts bear in mind the following:

(1) A plaintiff need not submit a large number of declarations or affidavits to make the requisite factual showing that class members exist who are similarly situated to him. A handful of declarations may suffice. *See, e.g.*, *Gilbert v. Citigroup, Inc.*, No. 08-0385-SC, 2009 WL 424320, at *2 (N.D. Cal. Feb. 18, 2009) (finding standard met based on declarations from plaintiff and four other individuals); *Escobar v. Whiteside Constr. Corp.*, No. 08-01120-WHA, 2008 WL 3915715, at *3-4 (N.D. Cal. Aug 21, 2008) (finding standard met based on declarations from three plaintiffs); *Leuthold,* 224 F.R.D. at 468-69 (finding standard met based on affidavits from three proposed lead plaintiffs).

(2) The "fact that a defendant submits competing declarations will not as a general rule preclude conditional certification." *See Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 838 (N.D. Cal. 2010) (citation omitted). As Judge Alsup of this District has noted, competing declarations simply create a "he–said–she–said situation"; while "[i]t may be true that the [defendant's] evidence will later negate [Plaintiffs'] claims, that should not bar conditional certification at the first stage." *Escobar*, 2008 WL 3915715, at *4.

At the second step of the two-step inquiry, "the party opposing the certification may move to decertify the class once discovery is complete." *Adams*, 242 F.R.D. at 536 (citation omitted); *Escobar*, 2008 WL 3915715, at *3 ("Certification is called 'conditional' during the first stage because the opposing party could always (successfully) move for decertification."). "[T]he Court then determines the propriety and scope of the collective action using a stricter standard." *Stanfield*, 2006 WL 3190527, at *2. At that point, "the court may decertify the class and dismiss

the opt-in plaintiffs without prejudice." *Leuthold*, 224 F.R.D. at 467. It is at the second stage that the Court makes a factual determination about whether the plaintiffs are actually similarly situated by weighing various factors, such as: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Id.* Even at this second stage, the standard courts apply is different, and easier to satisfy, than the requirements for a class action certified under Federal Rule of Civil Procedure 23(b)(3). *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009).

### B. Evidentiary Objections

CSD objects to Morfin-Arias' use of certain evidence to support his motion, arguing that the evidence cited is irrelevant, hearsay, lacks foundation, or calls for speculation. Obj. to Baker Decl., ECF 43-2; Obj. to Morfin-Arias Decl., ECF 43-3. Specifically, CSD objects to (1) several declaration statements of Morfin-Arias regarding his employment at CSD; (2) Morfin-Arias' earnings statements; (3) several declaration statements of Morfin-Arias' counsel, David Baker, regarding CSD's timecard printouts for several employees; and (4) a list of forty-three potential members of the FLSA class. Morfin-Arias filed a reply to CSD's objections. Reply to Def.'s Obj., ECF 44-2. During the hearing, the Court advised the parties that CSD's objections and Morfin-Arias' reply do not comply with the Civil Local Rule and the Court's Standing Order Regarding Civil Cases because the objections and reply were not contained in the parties' brief, did not use double spaced text, and exceeded the page limits. Nevertheless, the Court will not strike CSD's objections and Morfin-Arias' reply as stated during the hearing. For the reasons below, the Court overrules CSD's objections.

CSD fails to acknowledge that "a majority of courts have determined that evidentiary rules should be relaxed" at the conditional certification stage. *Shaia*, 306 F.R.D. at 275 (citations omitted). Thus, the Court may consider evidence that may not be admissible at trial. *Keiholtz v. Lennox Health Prods., Inc.*, 268 F.R.D. 330, 337 n.3 (N.D. Cal. 2010) (explaining that at the class certification stage, "the Court makes no findings of fact and announces no ultimate conclusions on Plaintiffs' claims"). For example, "the limitation on hearsay is relaxed." *Syed v. M-I, L.L.C.*, No.

7

12-cv-1718 AWI MJS, 2014 WL 6685966, at *7 (E.D. Cal. Nov. 26, 2014). Accordingly, the Court OVERRULES CSD's objections based upon hearsay.

Moreover, the objected evidence is relevant to the issue of overtime pay. The objected declaration statements are based on Morfin-Arias' own experiences and Mr. Baker's own observation of CSD's timecard printouts and thus there is sufficient foundation which can be relied upon at the conditional certification stage. *See Sliger v. Prospect Mortg. LLC*, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947, at *3 n.31 (E.D. Cal. Aug. 24, 2011). If Morfin-Arias' declarations are based on an "incorrect view [of the situation], then defendant can bring that up on a motion to de-certify the class." *Id.* Accordingly, the Court also OVERRULES CSD's objections to the evidence as being irrelevant, speculative, or lacking foundation.

## III. DISCUSSION

Morfin-Arias seeks conditional certification of a collective action based on CSD's purported failure to pay overtime wages. Mot. The class Morfin-Arias proposes for the collective action consists of:

> All persons who were, are, employed by Defendant Phillip Knowles, dba Ceramic & Stone Design, in Santa Clara County, California, from October 23, 2013 through the date of final judgment as hourly non-administrative employees [who have worked as stone installers],[3] detailers, and drivers paid on an hourly basis.

Mot. 2. Morfin-Arias requests that the Court issue an order (1) conditionally certifying the proposed class, (2) requiring CSD to produce a computer-readable data file containing the names, addresses, telephone numbers, and emails of potential collective class members, and (3) approving the mailing and emailing of his proposed notice and consent form to join the action. Mot. 2, 10; Proposed Order ¶ 4, ECF 40-3. CSD opposes Morfin-Arias' motion to conditionally certify an FLSA collective action on the grounds that the Court lacks subject matter jurisdiction and that the potential class members are not similarly situated. Opp'n 6–15, ECF 43. The Court addresses each argument.

---

[3] The Court has corrected a grammatical error in Morfin-Arias' proposed class. CSD does not dispute that Morfin-Arias' proposed class includes stone slab fabricators/installers and tile installers.

8

### A. Whether this Court has Subject Matter Jurisdiction

In its opposition, CSD argues that the Court lacks subject matter jurisdiction because Morfin-Arias' original complaint does not allege that either CSD or its employees engaged in interstate commerce. Opp'n 6–8. According to CSD, the FLSA applies to "employees who engage in commerce" and Morfin-Arias has provided no allegations that he engaged in interstate commerce. *Id.* at 7. CSD further asserts that it is a "local business and does not engage in interstate commerce or produce goods for interstate commerce." *Id.* (citing Knowles Decl.). Hence, in CSD's view, this action "does not fall within the purview of the FLSA" and thus the Court lacks jurisdiction. *Id.*

Morfin-Arias responds that CSD "constricts the FLSA [only] to the 'local business' test" whereas the FLSA also covers businesses that satisfy the "enterprise" test. Reply 5, ECF 44. For support, Morfin-Arias cites 29 U.S.C. § 203(s)(1):

> "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that--
>
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, *or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and*
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is *not less than $500,000* (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C § 203(s)(1) (emphasis added). Morfin-Arias further argues that his FLSA claim is brought under the "enterprise theory" and thus CSD's argument is inapplicable. Reply 6 (citing Suppl. Baker Decl. ¶¶ 4–5, ECF 44-1). Morfin-Arias represents that he has conducted discovery on information relating to "the 'commerce' element of the 'enterprise' theory of liability, including the origins and volume amount of stone and tile used by [CSD] from outside California, and the annual gross sales of [CSD]." *See* Suppl. Baker Decl. ¶ 5.

The Court agrees with Morfin-Arias' argument that an FLSA claim may be brought against an employer that qualifies as an "enterprise engaged in commerce or in the production of goods for commerce." The overtime provisions of the FLSA apply to any employee who "is engaged in commerce or in the production of goods for commerce, or is employed in *an enterprise* engaged in

9

commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1) (emphasis added). An employer qualifies an "enterprise engaged in commerce or in the production of goods for commerce" if it has "employees . . . working on goods or materials that have been moved in or produced for commerce" and its "annual gross volume of sales is not less than $500,000." 29 U.S.C § 203(s)(1). Thus, Morfin-Arias' FLSA claim may be based on the allegation that CSD is an "enterprise engaged in commerce or in the production of goods for commerce."

That said, Morfin-Arias' original complaint did not plead that CSD is an "enterprise engaged in commerce or in the production of goods for commerce." This issue was raised during the hearing on Morfin-Arias' motion to conditionally certify an FLSA collective action. The parties stipulated to permit Morfin-Arias to file a first amended complaint to address the subject matter jurisdiction issue. The Court granted leave to do so. ECF 49. Now, Morfin-Arias' FAC specifically alleges that at all relevant times, CSD had "gross sales of not less than $500,000 per year" and used "stone and tile materials that were produced by persons in interstate commerce" to support the "enterprise theory allegations." FAC ¶¶ 10–11.

The Court finds that the FAC's allegations on their face are sufficient to confer subject matter jurisdiction. Federal courts have subject matter jurisdiction over all colorable civil claims "arising under" the laws of the United States. 28 U.S.C. § 1331; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "A claim is not colorable if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial or frivolous.'" *Diaz v. Ming & Kent, Inc.*, No. C 09-05774 RS, 2010 WL 890040, at *1 (N.D. Cal. Mar. 8, 2010) (citing *Bell v. Hood,* 327 U.S. 678, 682–83 (1946)). Here, the FAC's "enterprise theory allegations" are not "patently immaterial, insubstantial or frivolous." *See id.* (declining to dismiss the FLSA claim for lack of subject matter jurisdiction where there was no indication that the claim was "patently, insubstantial or frivolous"). Indeed, CSD chose not to refile its motion to dismiss for lack of subject matter jurisdiction but instead submitted its answer to the FAC. ECF 52. The Court concludes that it has subject matter jurisdiction based on the FAC's allegations.

During the hearing, the parties disputed whether the FLSA's "enterprise" element is a jurisdictional bar or relevant only to the merits of the claim. As discussed in his reply, Morfin-

Arias argued that the "enterprise" element as defined by the FLSA is not a jurisdictional element. Reply 6–7 (citing *Diaz*, 2010 WL 890040, at \*2). Because "the limitations . . . [of 'enterprise'] are definitional and appear in a section that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts,'" the court in *Diaz* held that "there is no indication that Congress intended for the . . . 'enterprise' engaged in commerce provisions to be jurisdictional." *Diaz*, 2010 WL 890040, at \*2 (citing *Arbaugh*, 546 U.S. 500 at 515). *Diaz* further concluded that the court's subject matter jurisdiction was not stripped by the defendants' averments that the FLSA's definitional requirements were not met. *Id.* ("Defendants' err insofar as they mistake a 'substantive ingredient' of a meritorious FLSA claim for a jurisdictional one."). Numerous other courts have reached the same conclusion. *See, e.g.*, *Vega v. Peninsula Household Servs., Inc.*, No. C-08-03815 JCS, 2009 WL 656291, at \*3 (N.D. Cal. Mar. 12, 2009); *Serrano v. Marshal Sunshine, Inc.*, No. 6:13-CV-1977-AA, 2015 WL 1176535, at \*2 (D. Or. Mar. 10, 2015).

On the other hand, during the hearing, CSD asserted that *Longbao Yan v. Gen. Pot, Inc.*, 78 F. Supp. 3d 997 (N.D. Cal. 2015) reached an opposite conclusion. In that case, the court entertained a jurisdictional challenge to the plaintiff's FLSA claim under Rule 12(b)(1) and considered the defendants' evidence on their annual gross sales. *Longbao Yan*, 78 F. Supp. 3d at 1002–03. Because the evidence showed that the annual gross sales was less than $500,000, the court concluded that the FLSA's "enterprise coverage" did not apply to the case. *Id.* at 1003. The plaintiff's FLSA claim was dismissed. *Id.* However, it does not appear that the parties disputed whether the FLSA's "enterprise" element is jurisdictional in nature. As such, unlike *Diaz*, the court in *Longbao Yan* did not address whether the "enterprise" requirement can be challenged as a jurisdictional issue.

In any case, this Court need not decide whether the FLSA's "enterprise" element is a jurisdictional bar. As discussed above, the FAC pleads that CSD is an "enterprise engaged in commerce or in the production of goods for commerce" under the meaning of the FLSA. The FAC's allegations are not "patently immaterial, insubstantial or frivolous" and supports a colorable FLSA claim. *Diaz*, 2010 WL 890040, at \*1. CSD has withdrawn its motion to dismiss for lack of subject matter jurisdiction and does not bring a factual challenge to the Court's

11

jurisdiction.

Accordingly, the Court rejects CSD's argument that Morfin-Arias' motion to conditionally certify an FLSA collective action should be denied for lack of subject matter jurisdiction. The Court next turns to whether Morfin-Arias has satisfied his burden to show that the potential class members are similarly situated.

**B.  Whether Morfin-Arias and the Proposed Class Members are Similarly Situated**

Morfin-Arias contends that the complaint's allegations and the discovery produced by CSD show that he and the potential class members are similarly situated. Mot. 7. Specifically, Morfin-Arias contends that CSD has a policy of not paying overtime wages to its nonexempt hourly stone and tile workers. Reply 7.

To support the allegation that CSD failed to pay overtime compensation, Morfin-Arias provides his own and his counsel's declarations as well as his earning statements and several timecards obtained through discovery. Morfin-Arias Decl.; Ex. A to Morfin-Arias Decl. (earning statements), ECF 42-1 to -2; Baker Decl.; Exs. A–F to Baker Decl., ECF 41-1 to 41-7. In his declaration, Morfin-Arias states that he was not paid overtime wages while he was employed at CSD. Morfin-Arias Decl. ¶¶ 7–9. He further states that other laborers who performed non-exempt work complained about not being paid for working overtime. *Id.* ¶ 10. In addition, Morfin-Arias provides documents that support his assertion that CSD had a policy of not paying overtime compensation. His counsel compares earning statements or payroll records with CSD's timecards to explain that several employees did not receive overtime compensation. Mot. 9.

For example, Morfin-Arias' earning statement for the week ending June 25, 2016 shows that he was paid $24 per hour for a total of $960. Ex. A to Morfin-Arias Decl. On the other hand, Morfin-Arias' timecard printout for the same pay period shows that he worked more than 40 hours. Baker Decl. ¶ 5; Ex. A to Baker Decl. The handwritten note on the timecard shows a gross pay of $1148 which is calculated by multiplying the total hours worked (47.85 hours) and the hourly rate ($24). Ex. A to Baker Decl. The handwritten note reduces $1148 by $960 (which is calculated by 40 hours multiplied by $24) to result in a balance of $188. *Id.* Morfin-Arias asserts that $188 was paid by cash as indicated by the handwritten notation "+188 pd cash." *Id.*; Mot. 9.

Morfin-Arias' timecard suggests that he was not paid overtime wages because the wage calculation used his regular hourly rate of $24 for the work time above 40 hours. In fact, CSD's Answer to the FAC admits that it paid Morfin-Arias overtime hours in cash at his regular hourly rate. Answer to FAC ¶ 17, ECF 52.

Morfin-Arias further points to two randomly selected timecards of other employees, Luis C. and Leonel C. Mot. 9. The timecards of those employees show similar handwriting to Morfin-Arias' timecard and similar mathematical calculations. *See* Exs. C and D to Baker Decl. For instance, Leonel C.'s timecard indicates that the total hours worked is calculated to be 52.57 hours. The timecard subtracts "1261.68" from "960" (which matches the $960 gross pay in Leonel C.'s payroll report) and indicates the remainder is "paid." *See* Ex. D to Baker Decl. Morfin-Arias explains that such a calculation suggests that Leonel C. was paid $960 by check and the remainder in cash at the regular hourly rate. Reply 8. Here, Morfin-Arias' conclusion is reasonable under the lenient standard applied at the notice-stage step for conditional certification. *Labrie*, 2009 WL 723599, at *4 (the first step "is characterized by a fairly lenient standard, necessitated by the fact that not all discovery will have been completed at the time of the motion"). The gross amount of $1261.68 appears to have been calculated from multiplying 52.57 hours work by an hourly rate of $24. Hence, it can be reasonably inferred that any overtime wages above 40 hours were calculated based on the regular hourly rate. The fact that the employee's payroll report only shows $960 indicates that the remaining pay above $960 was paid in cash. Indeed, CSD admits that it had paid "many employees part by check and part in cash." Opp'n 12.

CSD argues that Morfin-Arias' declarations and evidence of pay records do not constitute sufficient evidence to show that the proposed class members are similarly situated. Opp'n 10. In addition, CSD asserts that the proposed class members include two distinct sets of workers who had different job duties and maintained different hours. *Id.* at 10–11. According to CSD, one set of employees includes stone slab fabricators and installers who start and end their day at CSD's office where "they clock in and out using an electronic time keeping system." *Id.* at 11 (citing Knowles Decl. ¶ 12). The other set of employees includes tile installers who record their time by filling out timesheets by hand at job sites and "operate with far less supervision than the stone slab

fabricators and installers." *Id.* (citing Knowles Decl. ¶ 13). CSD further avers that it had no set policy or formula on how its employees' pay was split between check or cash. *Id.* at 12 (citing Knowles Decl. ¶ 15).

The Court is satisfied that Morfin-Arias has made substantial allegations that are supported by declarations and exhibits. As discussed above, Morfin-Arias has stated that he did not receive overtime compensation and that other workers complained about not being paid overtime wages. Morfin-Arias Decl. ¶¶ 7–10. Morfin-Arias' allegations are supported by the documents obtained through discovery. He has submitted timecards of three employees (including his own) which indicate that CSD has paid its workers with check and cash and that CSD calculated the overtime pay using the employee's regular pay rate. Baker Decl.; Exs. A–F to Baker Decl.; Ex. A to Morfin-Arias Decl. Accordingly, there is sufficient support at the conditional certification stage to establish that the putative members were paid using the same mathematical calculation and thus are similarly situated. *Villa*, 2012 WL 5503550, at *13 ("[C]ourts require a little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan" (internal quotation marks omitted)). Morfin-Arias' allegations and the submitted documents go beyond "boilerplate and legal conclusions" and provide a "reasonable basis" for concluding that CSD's alleged payment policy applied to the proposed class members. *See Saleh v. Valbin Corp.*, No. 17-CV-00593-LHK, 2017 WL 5000799, at *6 (N.D. Cal. Nov. 2, 2017).

CSD's arguments do not compel a contrary result. As described above, CSD argues that the proposed class members are not similarly situated because its stone slab fabricators/installers and tile installers had different job duties and tracked their time in a different manner. However, "courts often conditionally certify collective action that include multiple job types and titles." *Saleh*, 2017 WL 5000799, at *6 (collecting cases). The mere fact that the proposed class members had different roles in CSD's business does not defeat conditional certification. *Id.*, at *7 (approving conditional certification where there was no indication that the "differences in job classification would translate into different applications of the [alleged] policies"). Here, CSD merely points out that its slab fabricators/installers and tile installers had different duties and

14

recorded their time differently. Opp'n 11. Specifically, CSD asserts that the stone slab fabricators/installers used the time keeping system at its office whereas the tile installers hand filled their timesheets at the job sites. Knowles Decl. ¶¶ 12–13. But other than arguing that its two sets of employees had different roles and recorded their time differently, CSD does little to argue how those differences would translate into different applications of the alleged overtime payment policy. There is no indication that CSD's purported payments using check and cash and failure to pay overtime would depend on the employees' job duties or how they tracked their work time. Hence, the Court concludes that the fact that CSD's stone slab fabricators/installers and tile installers were categorized differently does not defeat conditional certification. *Saleh*, 2017 WL 5000799, at \*7 (holding that the different categories for pay and job titles did not warrant denying conditional class certification).

CSD further avers that it had no set policy or formula on how its employees' pay was split between check or cash. Opp'n 12 (citing Knowles Decl. ¶ 15). According to CSD, the ratio between the check and cash payment varied from employee to employee. *Id.* As an example, CSD contends that the timecard of one employee, Louis C., shows that CSD paid him $1100 for 50 hours of work in check and the remainder in cash. Opp'n 14–15 (citing Knowles Decl. ¶ 19). The Court is unpersuaded that CSD's argument defeats conditional certification at the notice-stage. While there may be variations between employees on the amount of wages CSD paid in cash, that fact does not change Morfin-Arias' allegation that CSD failed to pay overtime to the proposed class members. Indeed, CSD does not dispute that the mathematical calculations shown in the submitted timecards use the employees' regular rate to calculate overtime compensation. To further inquire whether there are significant variations on CSD' payment of wages to the proposed class members would require an evaluation of the merits of claims, which the Court declines to do so at the notice-stage. *See Estorga v. Santa Clara Valley Transportation Auth.*, No. 16-CV-02668-BLF, 2017 WL 2604665, at \*4 (N.D. Cal. June 15, 2017). At this juncture, Morfin-Arias need not conclusively establish that collective resolution is proper, because CSD will be free to revisit this issue at the second stage. *Kress*, 263 F.R.D. at 630.

As a final point, CSD urges the Court to deny Morfin-Arias' motion because he "is not

credible, has unclean hands, and is not a good class representative." Opp'n 12. Specifically, CSD asserts that Morfin-Arias was never fired but he simply "stopped coming to work" when CSD "refused to lie to help [Morfin-Arias] collect worker's [compensation] disability." *Id.* at 13 (citing Knowles Decl. ¶ 23). CSD further contends that Morfin-Arias asked CSD to manipulate his paycheck to reflect a lower rate for his paycheck and pay the rest of his earnings in cash "presumably" so he could pay less taxes. *Id.* at 13–14. Morfin-Arias responds that the "unclean hands" argument creates a factual dispute and the Court should reject that argument at least during the notice-stage. Reply 10–11.

The Court agrees with Morfin-Arias' argument. The application of the unclean hands doctrine is generally a fact intensive inquiry. *See Seaman v. Pyramid Techs., Inc.*, No. SACV 10-00070, 2011 WL 5508971, at *6 (C.D. Cal. Nov. 7, 2011). At this juncture, there has been limited discovery as to the parties' conduct, which may impact the application of the unclean hands doctrine. Hence, to the extent that the unclean hands doctrine is a viable defense against a FLSA claim, the Court is unable to conclude that CSD's "unclean hands" argument bars Morfin-Arias' FLSA claim at this stage of the action. *Cf. Lymburner v. U.S. Fin. Funds, Inc.*, 263 F.R.D. 534, 544 (N.D. Cal. 2010) (holding the presence of a possible unclean hands defense did not bar class certification under Rule 23).

For the above reasons, the Court GRANTS Morfin-Arias' motion to conditionally certify an FLSA collective action.

## IV. PROPOSED NOTICE AND CONSENT FORM

The Supreme Court has held that employees need to receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate" in the collective action. *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "District courts have broad discretion concerning the details of a notice under 29 U.S.C. § 216(b)." *Villarreal v. Caremark LLC*, 66 F. Supp. 3d 1184, 1194 (D. Ariz. 2014) (citing *Hoffmann-LaRoche*, 493 U.S. at 170).

Morfin-Arias requests that the Court order CSD to produce a computer-readable data file containing the names, addresses, telephone numbers, and emails of potential collective class

16

members within 14 days of the date of this order. Mot. 10; Proposed Order, ECF 40-3. CSD does not respond to Morfin-Arias' logistical requests or the form of the proposed notice and consent form. The Court grants Morfin-Arias' request seeking production of the potential class members' contact information. However, Morfin-Arias' request for social security numbers of the class members in his proposed order will be denied because Morfin-Arias has not provided any reason why such information is necessary. Accordingly, CSD shall produce to Morfin-Arias a computer-readable data file containing the names, addresses, telephone numbers, and emails of potential collective class members within 14 days of the date of this order.

Morfin-Arias further seeks approval of the mailing and emailing of the proposed notice and consent form and that potential class members be permitted to file their consent form until 120 days of the date of this order. *See* Proposed Order ¶ 4. Those requests are granted.

The Court turns to the content of Morfin-Arias' proposed notice of conditional certification of collective action and consent form to join action. During the hearing, the Court identified several issues in the proposed notice and consent form (ECF 40-1, -2) that were submitted along with Morfin-Arias' motion. On March 5, 2018, Morfin-Arias filed his revised notice of conditional certification of collective action and consent form. ECF 56. The revised documents address the issues raised during the hearing. The Court approves the revised consent form at ECF 56-1. However, the Court finds that several additional changes to the revised notice at ECF 56-1 are necessary.

First, in page 2, item 3 "How do I join (opt into) the lawsuit," the sentence "You can seek compensation for overtime hours worked under the FLSA from October 23, 2013 until final judgment in this lawsuit" shall be revised and replaced with "You may be able to receive compensation for overtime hours worked under the FLSA from October 23, 2013 until final judgment in this lawsuit." The current version of the sentence suggests that the class member is entitled to overtime compensation from October 23, 2013. However, the class member's recovery will depend on how the case proceeds.

Second, in page 2, item 3 and page 3, item 7, Morfin-Arias shall insert the actual date that is the 120th day from the date of this order to specify the deadline when potential class members

1 must opt into this lawsuit.

Third, in page 2, item 4 "What else should I be aware of," the phrase "What if I signed a contract agreeing not to sure" contains a typo "sure" at the end of the phrase. As such, the phrase shall be revised and replaced with "What if I signed a contract agreeing not to sue."

After making the above changes, Morfin-Arias shall mail and email copies of the final version of the notice of conditional certification of collective action and consent form to join action to the potential class members within 10 days of receipt from CSD of the potential class members' contact information.

**V.  CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED THAT

(1) Morfin-Arias' motion to conditionally certify an FLSA collective action for failure to pay overtime compensation is GRANTED.

(2) The conditionally certified class shall comprise "All persons who were, are, employed by Defendant Phillip Knowles, dba Ceramic & Stone Design, in Santa Clara County, California, from October 23, 2013 through the date of final judgment as hourly non-administrative employees who have worked as stone installers, detailers, and drivers paid on an hourly basis." Potential class members include CSD's stone slab fabricators/installers and tile installers.

(3) CSD shall produce to Morfin-Arias a computer-readable data file containing the names, addresses, telephone numbers, and emails of potential collective class members within 14 days of the date of this order.

(4) Morfin-Arias shall revise the proposed notice of conditional certification of collective action at ECF 56-1 as set forth in this order. After revising the proposed notice, Morfin-Arias shall mail and email copies of the final version of the notice of conditional certification of collective action and consent form to join action to the potential class members within 10 days of receipt from CSD of the potential class members' contact information.

(5) The potential class members shall be permitted to file consent forms until 120 days of the date of this order. A consent form may be completed online, so long as the online form provides a means by which the class member signifies his or her assent to the statements listed on

the form, for example, by checking a box on a webpage.

(6) Morfin-Arias' counsel shall attempt to locate the current addresses for all potential class members for whom a notice is returned as undeliverable and shall promptly re-mail the notice to such class members at their current address. Morfin-Arias' counsel shall keep a record of the addresses that he updates and the dates on which notices were sent to those addresses. Morfin-Arias' counsel is not required to mail the notice to any particular individual more than two times.

**IT IS SO ORDERED.**

Dated: April 9, 2018

_____
BETH LABSON FREEMAN
United States District Judge